The next case is Stryker European Operations versus OsteoMed, case number 23-2397. When you're ready. May it please the court. The board's obviousness findings should be reversed for three reasons. For both the 713 and the 751 patent, the board construed the angled hole limitation in a manner that doesn't require the hole itself to be angled. And this contradicts the plain language of the claims and the patent specification, which differentiate between an angled tab and an angled hole embodiment. For the 751 patent, the board rejected Stryker's unique definition of the claim term between, but instead just erroneously compared a mirror image of figure five of Arnold to figure two of the 751 patent, instead of comparing Arnold to the claim language. And then for all of the challenge claims for both the 713 and the 751 patent, the board's motivation to combine Arnold and Zahiri basically hinges on the conclusory testimony of OsteoMed's expert, Mr. Sherman, who testified that there are no practical differences between joint fusion and fracture fixation, and Positas have been using such bone plates interchangeably for decades. And this is really the opposite position that OsteoMed took in the IPRs that we were just talking about involving its own patents, where it argued that extensive modifications would be needed for the exact same Faulkner plate to be used for joint fusion, despite Faulkner's expressed disclosures to the contrary. And so we don't think OsteoMed should be able to have it. If we agree with the board on Stryker and, or Arnold, sorry, I'm still on the last case. Arnold and Zahiri, and that there was sufficient motivation to combine, we don't have to reach all those other same construction arguments, do we? You're talking about the other? On the other case? The Arnold and Zahiri combination, does that get rid of basically everything? I'm sorry, say that again. In this case, the board found that Arnold in light of Zahiri disclosed everything. That was an alternative to Arnold by itself. Yes. So you were addressing Arnold by itself earlier, briefly. Okay. But going to Arnold plus Zahiri, I had the exact same question. Arnold and Zahiri, if the board is right that Arnold and Zahiri, that there's a motivation to combine them, it discloses everything, right? Then yes, but the problem is there's no motivation to combine them. But that's what I'm asking. I know you don't think there's motivation to combine. The board did. It relied on a statement that is pretty thin, but we have to decide whether it's substantial evidence under our case law or not. I just want to know if I think that is, whether I need to reach anything else. And the answer, I think, is I don't. I don't think you do, but I hope you do. I know you disagree, but yes. Yes. And so if we can go first to the angled hole, because that... Well, go ahead, but I think you would read the room a little and suggest, and maybe go to the motivation to combine. Okay, so if we're talking... The angled hole, let's assume that you're right, that Arnold does not disclose an angled hole. All it discloses is angled tabs with straight holes. Yes. Okay, now you're at Zahiri plus Arnold, which is where I think we... And you're correct that we're not disputing that Zahiri certainly shows an angled hole. But what we are disputing is there isn't substantial evidence to support the combination. The reason, we know that there's the conclusory statement of Mr. Sherman. The conclusory statement of Mr. Sherman is not substantial evidence, because first of all, totally not tethered to the facts of this case. He just makes this blanket statement that doesn't even really apply. He doesn't explain how it applies to Arnold or to Zahiri. He doesn't explain... Well, can we look at it? I read it, and I thought he said a skilled artisan would improve Arnold by using Zahiri. He says that, but how? How is that gonna happen? And the board is relying on a statement where he says, these things have been used interchangeably for decades. They're not making an interchangeability argument. They're not saying that they were interchanged. They just have to show a motivation combined. And if this is a well-known field where you can use different plates from different things, and this structure in Zahiri would improve Arnold, then why isn't that enough? It isn't enough, not only because it's not tethered to the facts of the case, his testimony, it was also contradicted by unrebutted testimony from Dr. Holmes. Well, that doesn't matter for substantial evidence, right? I mean, if his testimony, I know you think it's conclusory, but if we think it's not conclusory, then it's substantial evidence. I don't think it's substantial evidence either, because I think that case law does require the board to look at the entire record, including things that are against. The board can do it, but that's not our job. If we have, let's just assume we think his testimony is not conclusory, that's a hard question, and I'm sure we're gonna have some questions for Ossium as counsel about this, but let's just assume it is substantial evidence for a motivation combined. Then you have other evidence, the board waited and went with their evidence. We can't overturn that, can we? Well, I think there's other ways that you can overturn. For example, there was no evidence provided by Ossium Ed with respect to a reasonable expectation of success. So they just provided no evidence. Okay, but that doesn't go to motivation combined. Yeah, but it still has to be shown. You have to show a reasonable expectation of success, and they did not. They didn't even try to. And we, in our rebuttal, we did provide testimony demonstrating why a casita would not have had a reasonable success in combining Arnold and Zahiri, and they didn't rebut it. They did nothing. They had the opportunity to submit a reply declaration and address these important questions as to why this very broad statement from Mr. Sherman about interchangeability does not apply to Arnold and Zahiri. And they didn't provide any testimony whatsoever. And what we saw happen is the board on its own making its own fact-finding, that, yeah, this is pretty minor, minor change to the Arnold plate, sticking this extremely, you know, a fixed-angle guide plate hole into the leg of Arnold. They're like, that's no big deal. There's no indication that wouldn't work. And that's not a proper analysis. The board doesn't get to just- Why would it not? I mean, if they made that finding based on the totality of the evidence that was in front of them, why are they not allowed to do that as fact-finders? We, they can't, there was nothing that Osteomed said. There was no evidence where Osteomed said anything along the lines of, that'd be easy. You could easily do that. And it's just, it's not supported by evidence. It's, you know, they made the- Is your concern that Osteomed, as the petitioner in this case, didn't make the argument, and the board's making an argument for them? Or is it that there's just simply no evidence, not even substantial evidence, to support the board's finding? It's both. It's both. Because we think all they're relying on, and they say what they're relying on. They say, we're crediting this testimony about interchangeability from Mr. Sherman. Well, so if Osteomed had actually said, in its, at some point, there's a reasonable expectation of success because everybody knows these things are interchangeable, then would that be enough for them to have made the argument? And then, if so, would that be substantial evidence? No, because it's just saying that it's trivial, or just saying that, oh, you would have a reasonable expectation of success on its own. You have to actually dig in and look at, why would it be that a person of skill in the art would take this angled whole of Zahiri and stick it on the leg of Arnold? They didn't rebut the opinions of our experts who explained, if you were to do that, suddenly, you're not gonna have a leg that moves. They're assuming, the board is assuming, that you're still gonna have the leg on the Arnold plate that is offset, and it's intended to wrap around the phalangeal epiphysis. And so, it's intended to be. You're veering very close to our case law that says you don't have to show how the two references physically work together. And obviously, they didn't have to do that. That is true. They don't have to show how they physically work together. Kind of sounds like what you're telling me right now. How would you accomplish it? The point is, the petitioner has to describe, what would motivate someone to do such a thing, and why would it work? Or isn't the motivation that this whole in Zahiri that's angled, works better, and will improve Arnold, and you just incorporate that whole? We've affirmed that kind of reasoning many times in the past. Isn't that the reasoning we have here? I think part of what makes this such an interesting and unique situation, is that Zahiri is, what Zahiri teaches, is it's a very specific kind of plate, that it cares very much about precision. Do we care about that, though? I think we don't care about that, because what we're looking to for Zahiri, is the angled hole. And I think we've said, we don't have to look at all the rest of it, because that's that kind of, sounds like that again, you wouldn't take all of Zahiri, and make it work with all of Arnold, but all you're taking from Zahiri is the angled hole. But the board was very clear, that it's taking the angled hole configuration of Zahiri, and porting it into Arnold. Right, but that doesn't import anything else from Zahiri, necessarily. If you take just the angled hole, and for example, if you take Arnold, and you say, well, you know, if we use an angled hole in Arnold, instead of the round, single access hole that's in Arnold, we can get a higher angle of the screw going into the bone, without having to bring the arc of the leg as far around as we do. Why isn't that the kind of consideration that would make the two, combining the two, perfectly reasonable? Because the angled hole of Zahiri is a very specific kind of angled hole, that only allows for a fixed angle. And Arnold cares very much about the surgeon being able to have flexibility, in terms of picking an angle. That's why they have this thing. But you'd still have flexibility, because you could bend the leg in Arnold, you'd just have a greater angle to work with, if you had an angled hole, instead of the round, direct hole that's in Arnold, right? There's no evidence that supports that, because there's only evidence that says the other way around, that if you're to have an angled hole of Zahiri, your leg is not gonna be so thin anymore, because it's one thing to stick a little perpendicular hole on a thin part of a leg, but if you're gonna have an angled hole, particularly the Zahiri angled hole, then you're gonna have to be a lot thicker. You can't just stick an angled hole in a thin plate. And so, if that is true, then the leg, and there's evidence from Stryker explaining that, your leg is no longer going to be able to move, if you have a thickened leg, that allows for an angled hole. And so, that's basically why there's an explanation by Stryker, that there's no reasonable expectation of success here. Okay, you're in to your rebuttal time. Okay, thank you so much. Thank you. Good morning, Your Honors, again. I wanna jump right in on the motivation to combine Arnon Zahiri. Putting aside the broad statement that Ms. Fong referred to earlier, there are other motivations, not only presented in our petition, but relied on by the board. Not only is Zahiri a bone plate, not a guide plate as the board found, it, like Arnon, uses a screw that crosses the bone discontinuity and compresses across a joint or fracture to absorb stress into the combination of the head and the hole. At appendix 831, paragraph 216, our expert indicated that one of the stated goals of Arnon relates to the locking screw in the head, and Zahiri teaches that the strengthened screw hole of Zahiri will allow sufficient dissipation of force so as not to damage the bone parts. And the board cited that at appendix 21, relying on Osteomed's petition at 192 to 193. As a result, below, Osteomed argued with the support of its expert, Mr. Sherman, that a posita would have looked to Zahiri to improve the integrity of the hole in Arnon, and that's at APPX 833, paragraph 221. They argue that there's no ability to just take Zahiri and move it across the humerus, or move it to the foot bone, but again, this ignores and overlooks the combination at issue here, which is enhancing Arnon's plate with a reinforced screw hole of Zahiri. And the petition details why that would be done. Council also indicated that we never argued below in the petition that this would be easily done, and in fact, we do. At APPX 3198, this is the draft, or this is the petition submitted in the 488 patent proceeding. A posita would understand that the opening is a third hole angled relative to the longitudinal axis of the plate, talking about Zahiri. Such a location would be easily implemented on the plate of Arnon to increase the compressive forces. And that's again, citing to the expert testimony of Mr. Sherman. There's clearly substantial evidence here beyond the statement that Stryker takes issue with from Mr. Sherman, including from the references themselves that decide and explain why you would want to enhance the integrity of the cross joint screw hole of Arnon. In terms of flexibility, I think Judge Bryson, your point was exactly correct, that Arnon requires the ability to have flexibility of that leg portion. And again, that's something that we presented below. And unless your honors have any other questions. A reasonable expectation of success. I think that goes to that it would be easily implemented in the combination. Do you ever at least use the words reasonable expectation of success? I believe we do, I should have had that. The board does, in one sentence. Correct. But the contention is you all didn't raise it in your petition and the board's making up evidence. Thank you. I believe that we presented in our petition that there was a reasonable expectation of success, but I don't have other insight for you at this moment. Thank you. Let me just probe if I could, briefly. On reasonable expectation of success. It seems to me that your argument that you just made and made in your brief is effectively saying that once you've established a motivation to combine, particularly if it is based on similarity of the reference with the patent, that you're done on reasonable expectation of success. But we've treated that as a separate requirement. Is there some element of reasonable expectation of success that you can identify that's separate from and in addition to the motivation to combine? I think just the statement in the petition that it would be easily implemented in the plate, including because of the interchangeability aspect that our expert testified about. Okay. Thank you, Jan. I wanna go back to motivation to combine again because I think there is an issue with respect to the claim limitation between that is in all of the claims of the 751 patent. So if we're talking about motivation to combine, and I think you were talking about it more broadly, but sort of focusing on the angled whole, with respect to the between limitation, the motivation to combine Arnold and Zagheri, the Osteomed and the board both relied on figure eight of the Zagheri patent to show that there's a third hole that's between what they call a first and a second hole, even though those first and second holes aren't on either side of the joint as they're required to be under the claims. But the point there is, Judge Bryson, you said when we were talking about the angled hole that it's understood that the hole is gonna be in the hole at the end of the leg of Arnold, it's that hole 25, right?  But if we're in Arnold plus Zagheri combining, and we're looking at figure eight, figure eight is showing a hole that's literally between- Figure eight of the- Of the Zagheri patent. Of Zagheri, okay. Yes, so figure eight, nobody really ever explained what's happening there. They just said, look at figure eight, there's a third hole that's between a first and a second hole. And then I was like, now we're done. But the whole point is, if we're in the land of Arnold and Zagheri, that means that we care about using the hole 238 of Zagheri and putting the Arnold hole in the same location. Then all of a sudden, it doesn't make any sense that we just said that you're putting the angled hole at the end of the leg in Arnold, because now you need to put the hole in the middle of the Arnold plate if you're really caring about figure eight of Zagheri. So it's just, it's inconsistent and it's never explained because it's just given short shrift. Osteomed, they basically just said, look here, it's not good enough to go into the prior art and find different limitations independently. You have to show how it's gonna be combined and the combination is inconsistent between the tween and the angled hole. And so I just, I wanted to point out that inconsistency because I think it matters when we're focusing on motivation to combine. Thank you. Thank you. Thank you, both counsel, the case is submitted.